# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT TORRES, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. ___ |
| FAMILY DOLLAR STORES OF | § | JURY TRIAL DEMANDED |
| TEXAS, LLC, | § | |
| *Defendant*. | § | |
| | § | |

---

### DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S INDEX OF MATTERS BEING FILED

---

Pursuant to Federal Rule of Civil Procedure 81, Defendant FAMILY DOLLAR STORES OF TEXAS, LLC hereby attaches this Index of Matters Being Filed to its Notice of Removal.

**Exhibit 1:**    All Executed Process:

- Executed Return of Service on Family Dollar Stores of Texas, LLC served on April 5, 2021.

**Exhibit 2:**    All State Court Pleadings:

- Plaintiff's Original Petition and Discovery Request, filed on March 16, 2021;
- Defendant Family Dollar Stores of Texas, LLC's Original Answer to Plaintiff's Original Petition filed on April 26, 2021.

**Exhibit 3:**    State Court Docket Sheet

**Exhibit 4:**    List of all counsel of record, including addresses, telephone numbers, and parties represented.

# EXHIBIT 1

*(All Executed Service of Process)*



**null / ALL**
**Transmittal Number: 23010040**
**Date Processed: 04/05/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Cynthia Bertucci<br>Dollar Tree, Inc.<br>500 Volvo Pkwy<br>Chesapeake, VA 23320-1604 |
| **Electronic copy provided to:** | JJ Jacobson-Allen<br>Heather Hunter |

| | |
|---|---|
| **Entity:** | Family Dollar Stores of Texas, LLC<br>Entity ID Number  3697607 |
| **Entity Served:** | Family Dollar Stores of Texas LLC |
| **Title of Action:** | Robert Torres vs. Family Dollar Stores of Texas, LLC |
| **Matter Name/ID:** | Robert Torres vs. Family Dollar Stores of Texas, LLC (11112342) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Nueces County Court, TX |
| **Case/Reference No:** | 2021CCV-60318-1 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 04/05/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Sean Williams<br>361-885-0184 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**Copy**

<u>**Citation for Personal Service –RESIDENT**</u>

Case Number: <u>**2021CCV-60318-1**</u>

THE STATE OF TEXAS

NOTICE TO DEFENDANT:   You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

TO:   **Family Dollar Stores Of Texas LLC**
**Corporation Service Company DBA CSC-Lawyers Inco**
**211 E 7th Street Suite 620**
**Austin Texas  78701**
the Defendant,



DELIVERED
4 / 05 / 2021
BY: DELG  PSC: 2114
ATX Process, LLC

GREETING:  You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition And Request For Disclosure, Notice, And Covid Standing Orders** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the <u>**Honorable Robert J. Vargas**</u>, <u>**County Court at Law #1**</u> of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said **Petition** was filed on the 16th day of March, 2021.  A copy of same accompanies this citation.
The file number of said suit being Number:   **2021CCV-60318-1**

The style of the case is:  **Robert Torres  vs.  Family Dollar Stores of Texas LLC**

Said Petition was filed in said court by **Sean Williams**, attorney for Plaintiff, whose address is 500 N Water St Suite 500  Corpus Christi Tx  78401 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 31st day of March, 2021.



**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: _Nicole Alvarado_ , Deputy
Nicole Alvarado

## RETURN OF SERVICE

2021CCV-60318-1        **ROBERT TORRES**        COUNTY COURT AT LAW #1
**VS.**
**FAMILY DOLLAR STORES OF**
**TEXAS LLC**

_____
Name

**ADDRESS FOR SERVICE**
**Family Dollar Stores of Texas LLC**
Corporation Service Company DBA CSC-Lawyers Inco
211 E 7Th Street Suite 620
Austin, TX  78701

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ____. m., and executed in
_____ County, Texas by delivering to the within named defendant in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of the _____
_____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:

_____

and the cause of failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Fees:                         _____, Officer
Serving Petition and Copy    $_____      _____, County, Texas
Total                   $_____   By _____, Deputy

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The
signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the
return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my
           (First, Middle, Last)
address is _____
           (Street, City, State, Zip, Country)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of
of _____, 20_____.

                                      _____
                                      Declarant / Authorized Process Server

                                      _____
                                      ID# & Expiration of Certification

# EXHIBIT 2

*(All State Court Pleadings)*

Filed
3/16/2021 5:22 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

2021CCV-60318-1

CAUSE NO. _____

| | | |
|---|---|---|
| **ROBERT TORRES** | § | **IN THE COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **AT LAW NO. _____** |
| | § | |
| **FAMILY DOLLAR STORES OF** | § | |
| **TEXAS, LLC** | § | |
| *Defendant.* | § | **NUECES COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW ROBERT TORRES, Plaintiff, in the above-styled and numbered cause, and files this his Plaintiff's Original Petition and in support thereof would prove as follows:

### I.

### DISCOVERY

1.1    Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure, Rule 190.

### II.

### PARTIES

2.1    Plaintiff Robert Torres is an individual who resides in Nueces County, Texas.

2.2    Defendant Family Dollar Stores of Texas, LLC, is a foreign corporation organized and existing under the laws of the State of Texas, is authorized to do business in Texas and may be served with process by serving its registered agent for service, Corporation Service Company dba CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701, and also can be served by serving their general manager at 1502 S. Staples, Corpus Christi, Texas 78404.

1

2.3     Pursuant to Texas Rule of Civil Procedure 28 and Texas law, Plaintiffs further hereby asserts this claim as against any and all partnerships, unincorporated associations, private corporations, LLC's partnerships and/or individuals doing business under the assumed name "Family Dollar", "The Family Dollar stores of Texas, LLC", and/ or any other business of like or similar name that operated a business at or around 1502 S. Staples, Corpus Christi, Texas 78404. Plaintiff is effectuating service being served by serving The Family Dollar Store general manager at 1502 S. Staples, Corpus Christi, Texas 78404. Alternatively, Plaintiffs contends that such "corporate veils" should be pierced to hold such parties properly included in this suit in the interest of justice.

### III.

### <u>JURISDICTION</u>

3.1     The Court has jurisdiction over the Defendant Family Dollar Stores of Texas, LLC, because defendants are doing business in Texas and are amendable to service by a Texas Court. The Court has jurisdiction over the controversy because Plaintiff's damages are within the jurisdictional limits of the Court. The tort made the basis of this suit occurred in the State of Texas.

### IV.

### <u>VENUE</u>

4.1     Venue is proper in Nueces County, Texas. Specifically, venue is proper pursuant to the Texas Civil Practice & Remedy Code, § 15.002 (a) (1) because all the events giving rise to this claim occurred in Nueces County, Texas.

2

## V.

## FACTUAL ALLEGATIONS

5.1     On or about April 21, 2019, Plaintiff was injured on the premises located at 1502 S. Staples St., Store #5158, Corpus Christi, Texas. At the time of the injury, the premises were being used as a retail store. The business operated by the Defendant is known as Family Dollar Store.

5.2     Plaintiff was a business invitee at the time the injuries occurred. Plaintiff went on to Defendant's premises for the mutual benefit of himself and the Defendant. Specifically, the Plaintiff went there to shop.

5.3     Since Plaintiff was an invitee at the time of the injury, Defendant owed him a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discovery latent defects, and to make safe any defects or give adequate warning of any dangers.

5.4     On April 21, 2019, Mr, Torres arrived at Family Dollar Store to shop. While walking in aisle 37, Plaintiff slipped and fell on his right side over a metal rack.

5.5     There were no warning signs, barricades or employees of Family Dollar Store warning Mr. Torres of metal racks in the walkway.

## VI.

## NEGLIGENCE

6.1     Plaintiff repeats and incorporates herein the factual allegations stated above as if fully set out and repeated at length.

6.2     The Defendant's acts and omissions constitute a breach of the duty or ordinary care owed by the Defendant to Plaintiff.  Furthermore, the Defendant knew or should have known that

3

the condition of the premises created an unreasonable risk of harm to Plaintiff in one or more, but not limited to, the following ways:

    a.      Defendants failed to exercise ordinary care to reduce or eliminate this risk by failing to maintain the walkway in a reasonably safe condition; and

    b.      Defendants failed to exercise ordinary care by failing to warn the Plaintiff regarding the metal racks in the walkway.

6.3    Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of the Plaintiff's injuries and damages that are described below.

## VII.

## DAMAGES

7.1    Each and all of the above stated acts and/or omissions constitute negligence and the same are a proximate cause of the injuries and damages sustained by Plaintiff.

7.2    As a result of Plaintiff's injuries, Plaintiff suffered the following damages;

    a.      Physical pain and mental anguish in the past and future;

    b.      Loss of earning capacity, including lost wages, in the past and future;

    c.      Physical impairment in the past and future;

    d.      Medical expenses in the past and future; and

    e.      Disfigurement.

7.3    Although no amount of money will restore the Plaintiff to the same physical and mental condition he was in prior to the incident made the basis of this suit, Plaintiff seeks monetary relief over $1,000,000.00

## VIII.

### REQUEST FOR TRIAL BY JURY

8.1     Plaintiff respectfully requests of this honorable court a trial by a jury of his peers to fully and finally resolve this matter. The jury fee has been tendered.

## IX.

### REQUEST FOR DISCLOSURE

9.1     Plaintiff Robert Torres makes this Request for Disclosure to Defendant Family Dollar Stores of Texas, LLC. Pursuant to Rule 194 you are requested to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 (a) through (1) of the Texas Rules of Civil Procedure.

## X.

### NOTICE OF SELF-AUTHENTICATION

10.1    Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.

### DESIGNATED E-SERVICE EMAIL ADDRESS

11.1    The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: service@williamstrial.com.  This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

5

## XII.

## **PRAYER FOR RELIEF**

12.1     **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be

cited to appear and answer this petition, and that on final hearing of this cause, Plaintiff have and

recover judgment against the Defendant, for:

|   |   |   |
|---|---|---|
| | a. | Actual damages; |
| | b. | Pre-judgment interest at the maximum legal rate; |
| | c. | Post-judgment interest at the maximum legal rate; |
| | d. | Costs of Court; and |
| | e. | Such other and further relief, in law or equity, general and specific to, which Plaintiff may be duly and justly entitled. |

Respectfully Submitted,

**WILLIAMS ATTORNEYS, PLLC**

By: /s/ *Sean Williams*
**JUSTIN L. WILLIAMS**
SBN: 21555800
**SEAN WILLIAMS**
SBN: 24103990
500 N. Water Street, Suite 500
Corpus Christi, TX 78401
Telephone: (361) 885-0184
Facsimile: (361) 885.0309

Service Email: service@williamstrial.com

**ATTORNEYS FOR PLAINTIFFS**

6

# <u>NOTICE</u>

As a result of COVID-19

**<u>ALL COURTS</u>** are

having ALL hearings

remotely using ZOOM.

Please contact the respective Court

for further instructions.

Misc. No. _____

# NUECES COUNTY STANDING ORDERS ON REMOTE PROCEEDINGS IN CIVIL, FAMILY AND FELONY CRIMINAL CASES

These Standing Orders on Remote Proceedings in Civil, Family and Felony Criminal Cases were unanimously adopted by the Nueces County District Judges during a specially held meeting on April 16, 2020. These orders are effective on April 16, 2020 and shall remain in effect until the Governor of the State of Texas and/or The Supreme Court of Texas lifts all emergency orders and/or the orders are revoked by the Board of Judges.

**WE, THE UNDERSIGNED NUECES COUNTY DISTRICT JUDGES AND TITLE IV-D JUDGE, FIND:**

1. Governor Abbott declared a State of Emergency for the State of Texas regarding the COVID-19 Virus;
2. The Supreme Court of Texas issued multiple emergency Orders regarding the COVID-19 State of Disaster, requiring measures to help mitigate the spread of COVID-19 to protect the health and welfare of all; and
3. Nueces County adopted The Order to Stay at Home.

**IT IS THEREFORE ORDERED:**

**A. All jury trials are hereby cancelled and will resume on June 1, 2020.**

**B. All essential and non-essential hearings will be held via Zoom and/or CourtCall videoconferencing until further order of the courts.**

**C. The general requirements for remote Civil, Family and Criminal proceedings are as follows:**

**1.    Notification of Information for Remote Proceeding**

When a court proceeding is scheduled, the court will e-mail the parties, through their attorneys, if represented, the information needed to attend the proceeding by Zoom and/or CourtCall video conferencing.

Each attorney or self-represented party **shall** communicate this information to the attorney's clients and witnesses, including any witnesses the attorney subpoenaed for the proceeding, and **shall** provide each such person with a copy of this order.

**2.    Use of Real Names**

In all communications with the court and during the court proceeding, including when joining a Zoom meeting and/or CourtCall video conferencing, each party, attorney, witness, or other persons attending the proceeding shall use that person's real name when identifying him or herself. Any party not identified properly will not be allowed access to the hearing.

### 3.   Interpreter

A self-represented party or attorney acting on a party's behalf **shall** contact the court coordinator as soon as possible, but not less than 48 hours, after the court proceeding is scheduled if an interpreter will be needed.

### 4.   Necessary Hardware and Software

At least 48 hours before the proceeding, each party, attorney, witness or other person attending the proceeding **shall** create a zoom account at https://zoom.us/home and/or contact CourtCall (888-882-6878) to schedule the hearing.

The person **shall** create the account using the person's legal name and the person's real e- mail address. For each attorney, that e-mail address **shall** be the same as the one described in Rule 21(f)(2) of the Texas Rules of Civil Procedure.

At least 48 hours before the proceeding, each person **shall** download and install the Zoom app on a compatible device (e.g.. computer, smart phone, tablet) that the person intends to use to communicate with the court during the proceeding and/or have CourtCall videoconferencing enabled.

The device must have a functional speaker, video camera, microphone, and a reliable internet, or data, connection.

If a person, including a witness, knows he or she cannot attend the proceeding by video, that person or that person's attorney, if represented, **shall** contact the court as soon as possible, but not later than 48 hours before the proceeding. The person or that person's attorney if represented, **shall** join the meeting telephonically and show good cause for failure to appear by video at the proceeding.

### 6.   Submission of Exhibits by e-filing and to the Parties

To be potentially admissible into evidence, all exhibits, other than rebuttal exhibits, **shall** be e-filed with the District Clerk and copies transmitted to all parties not later than 48 hours before the court proceeding in the manner required in subsection (7) herein. If the exhibits are note-filed within that time period, those exhibits will not be admissible during the hearing.

### 7.   Format of Exhibits

Any party needing to admit either exhibits or other evidence, must electronically e-file the same in PDF format in advance of the hearing, already pre-marked with exhibit stickers and chronologically numbered, for ease of reference and directing a witness's attention during remote proceedings. The pages of each exhibit, deposition, or declaration of other proffered evidence, must be sequentially numbered for ease of reference. Copies must be contemporaneously directed to opposing counsel.

Each exhibit **shall** be in PDF format unless the exhibit is an image file, audio file, or video file. The file name of each exhibit file **shall** state the name of the exhibit. A party wanting to offer any audio recordings or video recordings **shall** upload the labeled files to a folder in Dropbox, or similar cloud storage service, and **shall** include a link to the folder in the party's e-mail exhibit. All audio and video recordings **shall** be in the MP4 format. Unless critical to an issue in the case, a party must redact personal identifying information and sensitive personal information from an exhibit before submitting it.

### 8.   Exhibits with Rebuttal or Unanticipated Evidence

During the proceeding, and only with the permission of the court, a party may offer as rebuttal evidence, an exhibit, if the party could not have reasonably anticipated the need for such evidence before beginning the proceeding, through the Chat/File feature in Zoom and/or CourtCall videoconferencing.

### 9.   Submission of Orders, Pleadings, and Other Documents

A meaningful conference between opposing attorneys **shall** be required prior to court intervention. Parties and attorneys are hereby advised that the present public health crisis demands that whenever possible, attorneys come to an agreement without necessitating a hearing before the court.

The parties **shall** confer before the court proceeding, and at least 48 hours before the proceeding is scheduled to begin, **shall** e-mail opposing counsel or pro se litigant - whichever applies, electronic copies of all orders, pleadings, returns of citations, and other documents filed with the district clerk that are relevant to the proceeding. If the documents are too voluminous to attach to an e-mail, the parties **shall** upload the documents to a folder in Dropbox, or similar cloud-based storage service, and include a link to the folder in the e-mail. Each document **shall** be in PDF format with a file name that reflects the title of the document. However, if the document is an audio or video file, the party may use the file format described by paragraph 7 above.

### 10.   Electronic Signatures

In accordance with the Electronic Signatures in Global and National Commerce Act (E- Sign Act) and the Uniform Electronic Signatures Act, all parties will be allowed to electronically sign any necessary documents that are to be provided to the court.

### 11.   Submission of Late Responses and Replies

Each party shall e-mail to the court coordinator and each of the other parties any responses or replies the party e-filed with the district clerk, if less than 48 hours before the court proceeding. The e-mailing of such a document to the court coordinator is not a substitute for e- filing the document with the district clerk. No party shall include the judge or court coordinator as a service contact when e-filing a document.

**12.    Submission of Case Law, Statutes, Regulations, or Similar Documents**

If a party wants the court to consider any case law, statute, regulation, or similar document, the party **shall** e-mail to the court or court coordinator such case law, statute, regulation or similar document. Failure to comply with the procedures in this order for submitting proposed exhibits, information required by the court's local rules, responses and replies, or supporting statutes, case law, regulations, or similar documents without good cause may result, as applicable, in the exclusion of the exhibits, or the documents not being recognized by the court, or other sanction as provided by the court's local rules or inherent powers.

**13.    Dress Code and Location**

You are hereby advised that remote proceedings are official court proceedings. Therefore, all parties, witnesses, experts, or anyone involved in the proceeding **shall** appear in appropriate <u>business attire</u>.

Additionally, all parties, witnesses, experts, or anyone involved in the proceeding, **shall** be in an appropriate location, free from all distractions, while participating in the remote proceeding.

**14.    Opening in Zoom App**

Before the proceeding begins, when a person attempts to join a Zoom court proceeding from the Zoom webpage, the webpage will ask whether to open the Zoom app. Each person **shall** instruct Zoom to open the Zoom app and allow it to install the program and not rely on the web browser. In this way, the attorneys and parties will have the means to communicate confidentially in private breakout rooms, which are unavailable on the website-based plug-in.

**15.    Joining Proceeding before Scheduled Start**

The parties, attorneys, witnesses, and all other persons attending the proceedings s all join the proceeding on Zoom by clicking on the Zoom link sent by the court at least ten (10) minutes before the proceeding is scheduled to begin

**16.    Virtual Waiting Room**

When each person joins the meeting, the person will appear in a virtual waiting room with all other parties, attorneys and witnesses. There may be several cases sent on the docket at the same time. When the case is called, the court will bring the attorneys and clients into the virtual courtroom. When the court brings the attorneys and clients into the virtual courtroom, their video will automatically be on and their audio **shall** remain muted until the proceeding begins. The attorneys **shall** always appear on video during the proceeding, except when the court recesses the proceeding. As soon as your hearing is concluded, you are excused from the virtual courtroom.

17.   **Witnesses**

When taking the oath to testify and when testifying, **each witness shall appear on video**, unless the witness is in the presence of a notary public, identified to the court, who can verify the identity of the witness, in which case the witness may testify through Zoom via audio only. Otherwise, all other potential witnesses who are not on video through zoom may not testify.

Unless permitted by the court or as provided below, a witness may not have access to any electronic information or physical notes while testifying, just as if the witness were on the witness stand in a courtroom. Except during a recess in the proceeding, no person **shall** communicate, verbally or non-verbally, with a witness through any method other than the video or audio means shared with all the participants in the proceeding who are present in the virtual courtroom. There will be no private chatting in the virtual courtroom between the participants without permission of the court. If "The Rule" is invoked, no one may communicate in any manner, including by telephone, text message, or e-mail, with any witness placed under the Rule, except as permitted by the Rule and then only during a recess in the proceeding. While placed under "the Rule," witnesses who are not testifying at the time, are prohibited from viewing the proceeding, including the court's YouTube live video link.

A list of witnesses **shall** be provided to the court no later than 48 hours before the scheduled hearing date.

All attorneys are reminded they are officers of the court and are expected to abide by all terms of the Texas Lawyer's Creed and ethical rules of conduct.

18.   **Muting of Microphone**

All persons participating in the proceedings except the Judge, the currently testifying witness, participating attorneys, or self-represented party, **shall** have their microphones muted.

19.   **Recesses**

The court may recess the proceeding for breaks or to allow attorneys to confer with their clients. If an attorney wishes to confer with a client, the attorney shall make that request to the court, identifying the client by name. The court will send those video streams into a confidential breakout room to confer for a period of no more than ten (10) minutes. In a similar manner, attorneys or self-represented parties may ask the court to confer privately with one another. An attorney or self-represented parties may ask the court to confer privately with one another. An attorney or self-represented party may ask the court to allow the attorney or self-represented party to confer privately with a witness

20.   **Defendants and/or Respondents in the Nueces County Jail**

All attorneys are advised that the jail is equipped with a computer, capable of Zoom and/or CourtCall videoconferencing, so that defendants and/or respondents in custody are able to participate in any essential hearings. Additionally, the jail has allowed 2P, and the 4th

and 5th floors of the jail, for attorneys to use for confidential communications when visiting their clients.

Also, the jail has made available an unrecorded telephonic line, Monday through Friday, from 8:00 a.m. to 4:00 p.m., by appointment only through the Sheriff's Office, so that attorneys and defendants and/or respondents may communicate remotely without exposing any party to any unnecessary risks or waiver of constitutionally protected privileges.

Per Sheriff Hooper, any attorney who calls and requests an attorney/client telephone conference, should fax that request to Jail Administration. For inmates housed at the Main Jail, use fax: 361.887.2240; for the inmates housed at the Annex, use fax: 361.289.4208. This request from the attorney needs to be sent Monday - Fliday between the hours of 8:00 a.m. to 4:00 p.m. Once the request is received, the request will be forwarded to Inmate Management. When the request is received at Inmate Management, the inmate will be taken to an office at the mutually agreed upon telephone time, Monday- Friday between the hours of 8:00 a.m. to 4:00 p.m. Any attorney's request for a telephone conference received after 4:00 p.m. will not be responded to until the following business day. If the attorney is requesting to talk to their client via telephone, but not requesting a specific time to speak with them, the attorney's telephone number will be taken down and the inmate will call from the unit using the designated attorney telephone line (which is a free attorney phone call). All phones used for said conferences are secure and not subject to monitoring or recording.

In addition, the Nueces County Sheriff's Office must be in compliance with the feeding schedules as per the Texas Commission on Jail Standards, so attorney telephone calls will NOT be completed during the hours of 4:30 a.m. to 5:30 a.m. or 10:30 a.m. to 11:30 a.m. or 4:30 p.m. to 5:30 p.m. In addition, attorney telephone calls will not impede inmate roll call or head counts. Please contact Sheriff's office for these times.

The attorneys are also advised that the Nueces County Jail is OPEN as usual for in person attorney visits

**21.    No Circumvention of Order**

No attorney, party, or witness may circumvent the terms of this order by having another person perform a task prohibited for that party or attorney.

**21.    Special Provisions for Criminal Law Hearings**

**a.    Waiver to be Signed by Defendant and the Attorney Representing the State**

As a prerequisite to any felony criminal proceeding conducted through Zoom and/or CourtCall videoconferencing, the defendant **shall** be required to execute a waiver of the defendant's right to appear in court in person and with counsel. Waiver forms **shall** be included in the plea/MTR documents, and **shall** be signed by the defendant and the attorney representing the state, as required by the Code of Criminal Procedure, §27.18(a)(l).

**b.    Agreement Notifications**

If a plea offer is accepted or there is an agreed recommendation on an MTR, the defense attorney **shall** notify the court coordinator by e-mail and obtain a setting for said hearing.

**c.    Hearing Notifications**

The court coordinator **shall** send via email the hearing notices to the following persons:

      i.   the designated clerk in the District Clerk's office;
     ii.  the designated jail officer in the Nueces County Jail;
   iii.  the attorneys for the state and the defendant; and
   iv.  the designated court probation officer assigned to each court, who in turn will notify the specific probation officer assigned to that case

**d.    Telephone Number for Defendant on Bond**

If a pre-sentence investigation (PSI) is requested and the defendant is on Bond, the defendant's attorney shall also provide a working telephone number for the defendant, in order that the CSCD may contact the defendant and conduct a pre-sentence interview and prepare a PSI report prior to any plea.

**e.    Preparation of Bill of Costs**

Unless waived, the district clerk's office shall prepare the Bill of Costs and provide it to the prosecuting attorney assigned to the case for inclusion in plea documents.

**f.    Submission and Review of Plea Documents**

Not later than noon on the third business day prior to the plea/MTR hearing, the prosecuting attorney assigned to the case shall prepare the documents, for the plea hearing, sign the paperwork where indicated, and send said documents to the defendant's attorney for review.

The attorney and the defendant are .to review the documentation, and the defendant is to initial and sign all applicable plea paperwork. The defendant's attorney shall follow these steps to secure the defendant's initials and signatures on the applicable paperwork:

      i.   Those defense attorneys that go to the jail in person, are to use the officers in the jail to assist in having the required documents initialed and signed;
     ii.  Those defense attorneys that do not go to the jail, will call the Sheriff's Office to set up an appointment to meet with their client, as set out in section twenty (20) above;

    iii.   Review all required paperwork with the defendant; the jail will have a copy of all necessary admonishments;

    iv.   Make sure that the defendant reviews, initials, and signs where required;

    v.   Completion and filing of documents:

        A.   For those defense attorneys that go to the jail in person to meet with their clients and obtain the required initials and signatures with the assistance of the jail officers, those attorneys shall be responsible for scanning and e- filing the completed documents to the district clerk's office;

        B.   For those defense attorneys that do not go to the jail to meet with their clients in person; wherein the jail officers have assisted them in obtaining the necessary initials and signatures, the district attorney shall be responsible to scan and forward to the defense attorney for e-filing with the district clerk's office, the completed documents; or

        C.   For those defense attorneys who do not want the district attorney's office to scan and e-mail the completed documents to them for e-filing, said defense attorneys may call the Sheriff's Office to make arrangements to pick up the completed documents for scanning and e-filing to the district clerk's office.

    vi.   The defense attorneys will e-file all plea and/or MTR paperwork. Each file must be a "Lead Document".

All necessary documents must be e-filed with the Nueces County District Clerk's office no later than 48 hours prior to the scheduled court date. All hearings, where the documents are not e-filed 48 hours in advance, will be canceled and defense counsel shall contact the court coordinator to obtain another hearing date.

**g.**    **Signing of Plea Documents by Defendant in Custody**

    i.   Documents delivered to the Nueces County Jail

       Multiple copies of all necessary documents are available' at the Nueces County Jail. The Local Administrative Judge has delivered to the jail, multiple copies of all necessary pleas, revocations, waivers, and other forms regularly used by the court during business.

    ii.   Attorney Communication

       Attorneys for defendants in custody are to contact the jail to schedule a date and time, prior to the scheduled court date, to set up a time for the attorney to review all necessary documents via an unrecorded telephone line.

**h.**    **Signing of the Plea Documents by Defendant on Bond**

       The attorney and the defendant are to review all necessary plea or revocation paperwork prior to the scheduled court date. Both the attorney and the defendant are to fill out all the necessary paperwork, e-file it, and submit it to the prosecutor

no later than 48 hours prior to the scheduled court date. If the documents are not e-filed 48 hours in advance of the scheduled date and time of the hearing, the hearing will be canceled, and the defense attorney shall contact the court coordinator to obtain another hearing date.

**i.      Submission of Completed Documents**

When any necessary plea or revocation documents are signed by all necessary parties, the documents are to be e-filed and submitted to the court no later than 48 hours prior to the proceeding. If the documents are not e-filed 48 hours in advance of the scheduled date and time of the hearing, the hearing will be canceled, and the defense attorney **shall** contact the court coordinator to obtain another hearing date.

**22.    Special Provisions for Criminal Law Hearings**

When the Court grants an application to interview a child in chambers in accordance with Section 153.009, Texas Family Code, the following procedures shall apply to the Court's interview with the child:

**a.**      The Court shall conduct the interview with the child using Zoom. The Court will notify the parties and attorneys by e-mail of the Zoom meeting, in which the Court will confer with the child or if more than one child, each will be interviewed child separately. The party in possession of the child at the time of the interview shall ensure the child is available at the time of the Zoom meeting and has possession of a separate device (for example, computer, tablet, smartphone) that the child will use to communicate with the Court during the interview.

**b.**      When the Court begins the Zoom meeting, the party in possession of the child or an adult designated by that party shall join the meeting, identify himself or herself to the Court, and then leave the room.

**c.**      While the Court is interviewing the child, no person may be present in the same room as the child or may be located outside of the room in which the child is physically located and/or within a distance in which the person can hear the child's interview.

**d.**      With the exception of the Court's court reporter, no person including the child, may record any statements of the child or the Court made during the interview.

**e.**      **Additionally, no parent, guardian or person in possession of the child, shall in any way instruct, coach or prompt the child immediately before or during the child's interview with the court. Any parent, guardian or person in possession of the child, is subject to contempt of court for violation of this provision.**

**IT IS** FURTHER ORDERED that in compliance with the Open Courts provision of the Texas Constitution:

    I.    The Office of Court Administration is providing Judges the ability to stream and host court proceedings via Zoom and/or CourtCall videoconferencing via YouTube.

Under the Open Courts provision of the Texas Constitution, all courts are required to maintain public access. In general, court proceedings, are presumptively open to the public in Texas state Courts. This YouTube Channel is setup to comply with that provision, however recording of these proceedings is strictly prohibited. Participants and viewers are hereby admonished that violators are subject to the Court's contempt powers. The punishment for contempt of a court is a fine or note more than $500 or confinement in the county jail for not more than six (6) months, or both such a fine and confinement in jail. Tex. Gov. Code, Sec. 21.002.

**THESE ORDERS SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL SET ASIDE.**

28th Judicial District Court
Hon. Nanette Hasette

117th Judicial District Court
Hon. Sandra Watts

94th Judicial District Court
Hon. Bobby Galvan

347th Judicial District Court
Hon. Missy Medary

319th Judicial District Court
Hon. David Stith

148th Judicial District Court
Hon. Carlos Valdez

214th Judicial District Court
Hon. Inna Klein

105th Judicial District Court
Hon. Jack Pulcher

Title IV-D Court
Hon. Susan E. Barclay

DUE TO THE CORONAVIRUS (COVID-19) CRISIS
NUECES COUNTY RESOLUTION REGARDING THE CANCELLATION OF JURY TRIALS IN THE
DISTRICT COURTS AND COUNTY COURTS AT LAW OF NUECES COUNTY , TEXAS

Due to the coronavirus (COVID-19) crisis and to ensure the safety of the public, court staff(s), and litigants, and pursuant to the 33rd Emergency Order of the Supreme Court of Texas and the Certified Nueces County Re-Opening Plan approved by the District and County Court at Law Judges on December 14, 2020 and submitted to the Office of Court Administration after approval by the Nueces County Health District and the Fifth Administrative Region, it has been determined by the Nueces County Health District that in-person hearings and jury trials should be cancelled until May 1, 2021 due to the levels of contagion in the County.

**IT IS THEREFORE ORDERED that all civil, criminal, and family law jury trials are cancelled until May 1, 2021.**

This Order is effective February 2, 2021 and will apply to the District Courts and County Courts at Law of Nueces County, except as amended or supplemented by the Presiding Judge of County Court at Law No. 5.

Signed this 2nd day of February, 2021.

Hon. Inna Klein
Local Administrative Judge

FILED

MAR 0 4 2021

ANNE LORENTZEN, CLERK
COUNTY & DISTRICT COURTS NUECES COUNTY, TEXAS
BY_____DEPUTY

SCANNED

MAR 0 4 2021

ANNE LORENTZEN, CLERK
COUNTY & DISTRICT COURTS NUECES COUNTY, TEXAS
BY_____DEPUTY

Filed
4/26/2021 1:48 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2021CCV-60318-1

| | | |
|---|---|---|
| ROBERT TORRES, | § | IN THE COUNTY COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | AT LAW NO. 1 |
| | § | |
| FAMILY DOLLAR STORES OF TEXAS, LLC, | § | |
| | § | |
| *Defendant.* | § | NUECES COUNTY, TEXAS |

# DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC's ORIGINAL ANSWER

## I.   SPECIAL EXCEPTION TO REQUEST FOR DISCLOSURE

1.     Defendant specially excepts to the Request for Disclosure in "Plaintiff's Original Petition and Request for Disclosure" because, pursuant to Tex. R. Civ. P. 194.2(a) and 194.1 (changing request for disclosure to required disclosures), requests for disclosure are no longer permissible discovery and discovery within a petition are prohibited (i.e., are outside the permissible discovery period). Defendant requests the Court strike the discovery from Plaintiff's Original Petition.

## II.   GENERAL DENIAL

2.     Defendant denies each and every, all and singular, material allegations contained within Plaintiff's pleadings and any amendments or supplements thereto and demands strict proof thereof in accordance with the Texas Rules of Civil Procedure.

## III.   INFERENTIAL REBUTTAL INSTRUCTIONS

3.     Defendant assert the following by way of inferential rebuttal and requests that the Court instruct the jury as follows:

a.      **New and Independent Cause / Superseding Intervening Cause**. The alleged damages in question as set forth in Plaintiff's Statement were caused, in whole or in part, by an act or omission of a separate and independent agency, not reasonably foreseeable to the Defendant, that destroyed any causal connection between the alleged acts or omissions of the Defendant and the injury complained of thus becoming an intervening, superseding cause of the incident and/or alleged injuries.

b.      **Sole Proximate Cause**. The act(s) or omission(s) of another person, including the Plaintiff or another entity was the sole cause of the damages alleged by the Plaintiff in the Statement.

c.      **Prior and/or Subsequent Injuries/Conditions**. Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences. Also, Plaintiff's claims of injuries and damages are the result in whole or in part of pre-existing conditions, injuries, diseases, illnesses, and disabilities and not the result of any act or omission on the part of the Defendant.

## IV.      AFFIRMATIVE DEFENSES

4.      By way of affirmative defense, pleading in the alternative and without waiving the foregoing general denial:

a.      **Comparative Negligence-Responsibility.**  Defendant would show that the negligence of the Plaintiff and one or more third parties was/were the sole, or a partial, proximate cause of the accident and the injuries and damages alleged by Plaintiff. Because of Plaintiff's negligence, Plaintiff is barred, in whole or in part, from a recovery of damages from Defendant. Also, pursuant to Ch. 33, Texas Civil Practice and Remedies Code, Defendant invokes the doctrine of comparative responsibility and would further show Defendant is entitled to an issue submitted to the jury on the comparative responsibility of Plaintiff and/or any third party who caused, contributed or was responsible for the injuries and damages alleged by Plaintiff.

b.　　**Responsible Third Parties.**  Pleading further and in the alternative, without waiving the foregoing, Defendant asserts the occurrence in question and/or the alleged damages were proximately and/or producing caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties, persons, or entities over whom Defendant has no right of control nor for whom Defendant is legally responsible. Furthermore, to the extent the acts and/or omissions for which Plaintiff complains were committed by persons subject to Defendant's supervision and control, Plaintiff's claims are barred against Defendant, in whole or in part, because said persons acted beyond the scope of their authority to act on behalf of Defendant. Also, regarding other parties' causation of Plaintiff's injuries, Defendant's liability must be reduced, and if Defendant are found to be jointly and severally liable, Defendant is are entitled to a judgment for contribution from these other parties.

c.　　**Failure to Mitigate**.　Plaintiff failed, either in whole or in part, to mitigate damages as required under applicable law. Any damages sought to be recovered by Plaintiff should be reduced to the extent that Plaintiff has failed to take the reasonable steps that a person of ordinary prudence in the same or similar situation would have taken to avoid the damages claimed in this lawsuit.

d.　　**Paid-or-Incurred Medical-Expense Limitation**. Plaintiff's recovery of medical or health care expenses be limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to § 41.0105 of the Tex. Civ. Prac. & Rem. Code.

e.　　**F**ailure **to Submit Medical Bills to Medical-Insurance Provider.** Plaintiff's claims for medical expenses are barred by the provisions of § 146, et seq of the Tex. Civ. Prac. & Rem. Code, to the extent that Plaintiff is covered by medical insurance and medical providers have refused to submit the medical bills to the medical insurance provider. Tex. Civ. Prac. & Rem. Code § 146.003.

f.　　**Credit/Offset**. Defendant is entitled to a credit or offset for all monies or consideration paid to or on behalf of the Plaintiff by virtue of any type or form of settlement agreement entered into by and between the Plaintiff and any settling

person, responsible third-party or any other person or entity not a party to this lawsuit. Defendant claims and is entitled to all lawful settlements, credits and offsets including but not limited to those set forth in Tex. Civ. Prac. & Rem. Code §33.012 and §41.0105. Thus, Defendant assert the affirmative defenses of offset, credit, payment, release, and accord and satisfaction to the extent applicable as provided under Texas Rule of Civil Procedure 94.

g.     **Loss of Earnings / Loss of Earning Capacity—Post-Tax-Payments/Liability**. Pursuant to Tex. Civ. Prac. & Rem. Code § 18.091, Plaintiff must prove his alleged loss of earnings and/or loss of earning capacity in a form that represents their net loss after reduction for income tax payments or unpaid tax liability. Also, Defendant request the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal and state income taxes.

## V.      JURY DEMAND

5.     In accordance with Tex. R. Civ. P. 21.6, Defendant demands a trial by jury.

## VI.      TEX. R. CIV. P. 193.7 NOTICE

6.     Pursuant to Tex. R. Civ. P. 193.7, Defendant hereby gives actual notes to Plaintiff that any and all documents produced by Plaintiff may be used against Plaintiff at any pretrial proceeding or at the trial of this matter without the necessity of authenticating the documents.

## VII.      RELIEF REQUESTED

7.     **DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC** prays that:

a.      Plaintiff take nothing by this lawsuit;

b.      Defendant go hence with its costs (i.e., its costs be taxed against Plaintiff) without delay; and

c.      for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**

*/s/ Kevin Riley*
Kevin P. Riley
State Bar No. 16929100
Southern District of Texas No. 13776
kriley@mayerllp.com

Harry L. Laxton Jr.
Southern District of Texas No. 906711
Texas State Bar No. 12061762
New York Registration No. 5447776
hlaxton@mayerllp.com

4400 Post Oak Parkway, Suite 1980
Houston, Texas 77027
Telephone:  713-487-2000
Facsimile:  713-487-2019

**ATTORNEYS FOR DEFENDANT**
**FAMILY DOLLAR STORES OF TEXAS, LLC**

## CERTIFICATE OF SERVICE

I am causing, on April 26, 2021, a true and correct copy of this document to be forwarded to all counsel of record as follows:

Sean Williams
State Bar No. 24103990
Justin L. Williams
State Bar No. 21555800
WILLIAMS ATTORNEYS, PLLC
500 N. Water Street, Suite 500
Corpus Christi, Texas   78401
Email:  service@williamstrial.com

***COUNSEL FOR PLAINTIFF***

☐ E-MAIL
☐ HAND DELIVERY
☐ FACSIMILE
☐ OVERNIGHT MAIL
☐ REGULAR, FIRST CLASS MAIL
☒ E-FILE AND SERVE
☐ E-SERVICE ONLY
☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED

/s/ *Kevin P. Riley*
Kevin P. Riley

# EXHIBIT 3

*( State Court Docket Sheet)*

Skip to Main Content Logout My Account Search Menu New Civil & Family Search Refine Search  Back                    Location : All Courts    Help

# REGISTER OF ACTIONS
## CASE NO. 2021CCV-60318-1

| | |
|---|---|
| Robert Torres vs. Family Dollar Stores of Texas LLC | § § § § § |

|  |  |
|---|---|
| Case Type: | **Civil Case - Other** |
| Date Filed: | **03/16/2021** |
| Location: | **CCAL1** |

---

### PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| **Defendant** | **Family Dollar Stores of Texas LLC** |  |
| **Plaintiff** | **Torres, Robert** | **Sean Williams** |
|  |  | *Retained* |
|  |  | 361-885-0184(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 03/16/2021 | **Original Petition (OCA)** |
| 03/16/2021 | **Original Petition Documents E-filed** (Judicial Officer: Vargas, Robert J. ) |
| | *Plaintiff's Original Petition and Request for Disclosure* |
| 03/16/2021 | **Copy** |
| | *Issuance Of Service* |
| 03/16/2021 | **Service Request Information Sheet** |
| | *Service Requested* |
| 03/22/2021 | **Jury Fee Paid** |
| 03/31/2021 | **Citation** |
| | Family Dollar Stores of Texas LLC          Unserved |
| 03/31/2021 | **Citation** |
| | Family Dollar Stores of Texas LLC          Unserved |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Torres, Robert | | | |
| | Total Financial Assessment | | | 371.00 |
| | Total Payments and Credits | | | 371.00 |
| | **Balance Due as of 04/26/2021** | | | **0.00** |
| 03/22/2021 | Transaction Assessment | | | 371.00 |
| 03/22/2021 | E-file Payment | Receipt # 2021-3136-DCCLK | Torres, Robert | (371.00) |

# EXHIBIT 4

*(List of All Counsels of Record)*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT TORRES, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. ___ |
| FAMILY DOLLAR STORES OF | § | JURY TRIAL DEMANDED |
| TEXAS, LLC, | § | |
| *Defendant.* | § | |
| | § | |

## COUNSEL OF RECORD AND INFORMATION PURSUANT TO
## LOCAL RULE CV-81(C)

(1)     A list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (pending, dismissed);

  **Plaintiff**  Robert Torres

  **Defendant**  Family Dollar Stores of Texas, LLC

 The removed case is currently pending.

(2)     A civil cover sheet and a certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g. complaints, amended complaints, supplemental complaints, counterclaims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a).

  See attached civil cover sheet and documents attached to Defendant's Notice of Removal as *Exhibit "A*."

 (3)     A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

| | |
|---|---|
| **WILLIAMS ATTORNEYS, PLLC**<br>SEAN WILLIAMS<br>STATE BAR NO. 24103990<br>JUSTIN L. WILLIAMS<br>STATE BAR NO. 21555800<br>500 N. WATER STREET, SUITE 500<br>CORPUS CHRISTI, TEXAS  78401<br>EMAIL:  SERVICE@WILLIAMSTRIAL.COM<br><br>***Counsel for Plaintiff***<br>**Francisca Delagarza** | **MAYER LLP**<br>Kevin P. Riley<br>State Bar No. 16929100<br>Southern Bar No. 13776<br>Email: kriley@mayerllp.com<br>Harry L. Laxton<br>State Bar No. 12061762<br>Southern Bar No. 906711<br>Email: hlaxton@mayerllp.com<br>4400 Post Oak Parkway, Suite 1980<br>Houston, Texas 77027<br>713.487.2000/713.487.2019 – fax<br><br>***Counsel for Defendant***<br>**FAMILY DOLLAR STORES OF TEXAS, LLC** |

(4)     A record of which parties have requested a trial by jury (this information is in addition to placing the word "jury" at the top of the Notice of Removal immediately below the case number);

Defendant, Family Dollar Stores of Texas, LLC has requested a trial by jury.

(5)     The name and address of the court from which the case is being removed.

Nueces County Court at Law #1
Honorable Robert J. Vargas
Nueces County Courthouse
901 Leopard St.
Corpus Christi, Texas 78401
T: 361.888.0555